IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID McCISKILL,
Plaintiff,

vs. 3:10cv211/MCR/MD

COL. CHAD E. THOMPSON,
et al.
Defendants.

---

SECOND REPORT AND RECOMMENDATION

This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on amended plaintiff's civil rights complaint (doc. 15). This court previously recommended that plaintiff's complaint be dismissed without prejudice for failure to state a claim pursuant to 42 U.S.C. § 1997e(e) because he alleged only mental and emotional injuries. Plaintiff moved to amend his complaint, and leave to amend was granted. (Doc. 8 & 10). He was also granted an extension of time in which to file his amended complaint (doc. 12 & 14), and he has now done so. Although the plaintiff has changed the legal theory upon which he bases his claim for relief, he has not corrected the primary deficiency in the initial complaint–a failure to allege physical injury-- and in light of the facts underlying the complaint, it does not appear that he will be able to do so. Thus, dismissal is still warranted on this basis. Even if this deficiency is momentarily overlooked, plaintiff has failed to state an actionable claim against any of the named defendants.

Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii)

fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). Because the language of § 1915(e)(2)(B)(ii) tracks the language of FED. R. CIV. P. 12(b)(6), dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282 (11th Cir. 2008); *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 1973 n.14, 167 L.Ed.2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46, 78 S.Ct. 99.)) A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)). Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. Of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004)). Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

As he did in his initial complaint, plaintiff alleges that his civil rights were violated when his name was placed on a list of "Gunners" by defendants Col. Chad E. Thomspon and Major Jimmy R. Johnson, and his cell was designated accordingly. "Gunners,"

according to plaintiff, are inmates who have been found guilty in a disciplinary hearing of masturbation directed towards female staff and/or exposing their sexual organ to female staff, which is a "1-6 infraction." (Doc. 15 at 9). Plaintiff states that he does not have a 1-6 infraction on his record, although on September 27, 2009 he received a DR for a 9-1 infraction, by definition an "obscene remark" (*Id.*) These infractions are different in nature and degree, according to plaintiff. Plaintiff asserts that Thompson and Johnson's labeling him as a "Gunner" was discriminatory and arbitrary. He alleges that a white inmate who was guilty of 1-6 infractions was placed in Close Management but was not so labeled,[1] which was a violation of plaintiff's right to equal protection.[2] He also claims that Thompson and Johnson explicitly told him that the reason the labeling policy was used against him was because he was black, and that the policy was not used against white inmates. (Doc. 15 at 11). Plaintiff complains that Warden R. Tifft was grossly negligent in managing the people he was supposed to supervise, and that defendant E. Stine denied plaintiff's appeal, thus failing to remedy the situation. Plaintiff contends that the defendants' actions violated his rights under the Equal Protection Clause, and he seeks $75,000 in punitive damages against each defendant, as well as $50,000 in attorney fees. (Doc. 15 at 12).

Again, plaintiff has not alleged a physical injury and under the facts of this case, he clearly is unable to do so.[3] Thus, his claim, again, is for mental anguish he suffered as a result of defendants' alleged conduct, and as such is prohibited by 42 U.S.C. § 1997e(e). Title 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury

---

[1] In the initial complaint, plaintiff did not raise an equal protection violation but stated that application of the label was intended for the sole purpose of wanton and unnecessary infliction of psychological pain and punishment, was done with deliberate indifference to his rights and was done as part of a conspiracy against him. He further claimed that this false accusation had assassinated his character. (Doc. 1 at 10).

[2] Plaintiff ignores the fact that his assertion that he was not convicted of such infractions, means that inmates who were convicted of such violations were not "similarly situated" to him.

[3] One of the grievances attached to the initial complaint reflected that plaintiff reportedly went on a "hunger strike" for five days as a result of his distress surrounding this issue. He apparently ended the hunger strike without incident.

suffered while in custody without a prior showing of physical injury." This is an affirmative defense, not a jurisdictional limitation. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008). A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Yates*, 535 F.3d at 1321 (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)). As the Eleventh Circuit has explained: "[Section] 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). The Eleventh Circuit has determined that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier*, 314 F.3d at 532. This § 1983 action brought by plaintiff is a "Federal civil action" under this definition. Further, it is undisputed that plaintiff filed his complaint while imprisoned. Plaintiff's complaint alleges no physical injuries, but alludes only to mental and emotional injuries, so as to satisfy the third predicate for the application of § 1997e(e). Finally, the harm complained of occurred while plaintiff was in custody, so as to satisfy the fourth predicate.

Based on the foregoing, the incarcerated plaintiff's damages claim is subject to dismissal without prejudice on this basis unless he alleges physical injury.[4] Further, he must allege more than a *de minimis* physical injury. *Harris v. Garner*, 190 F.3d 1279, 1286-87 (11th Cir. 1999) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in *Hudson* [*v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than *de minimis*, but need not be significant."), *reh'g granted, opinion vacated,* 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part on reh'g*, 216 F.3d 970 (11th Cir. 2000), *cert. denied*, 532 U.S.

---

[4] The Eleventh Circuit's decision in *Hughes v. Lott*, 350 F.3d 1157 (11th Cir. 2003), does not apply here. *Id.*, at 1162 (holding that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages); *see also Smith v. Allen,* 502 F.3d 1255, 1271 (11th Cir. 2007) (finding that nominal damages are recoverable, but that compensatory and punitive damages are precluded under PLRA).

1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001); *Osterback v. Ingram*, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd*, 263 F.3d 169 (11th Cir. 2001) (Table) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than *de minimis* physical injury), *cert. denied*, 122 S.Ct. 2362, 153 L.Ed.2d 183 (2002). In the instant complaint, plaintiff neither claims nor alleges facts to remotely suggest a physical injury arising from defendants' conduct.[5] Consequently, he is presently prohibited by § 1997e(e) from bringing his damages claims.[6]

Additionally, even if the plaintiff could successfully circumvent the physical injury requirement of 42 U.S.C. § 1997e(e), he has not stated a constitutional claim against the four named defendants. First, to establish an equal protection claim, a prisoner must demonstrate that (1) "he is similarly situated with other prisoners who received" more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race. *Sweet v. Secretary, Dept. Of Corrections,* 467 F.3d 1311 (11th Cir. 2006) (citing *Jones v. Ray,* 279 F.3d 944, 946-947 (11th Cir. 2001); *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986) (per curiam)); see also *Smith v. Regional Director of Florida Department of Corrections*, 368 Fed.Appx.9 (11th Cir. 2010). The Caucasian individual identified by plaintiff who escaped the "Gunner" label, by plaintiff's own description was not similarly situated.

His claim against Warden Tifft fails because *respondeat superior*, without more, does not provide a basis for recovery under section 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Goebert v. Lee County,* 510 F.3d 1312, 1331 (11th Cir. 2007); *Cottone v. Jenne, 326* F.3d 1352 (11th Cir. 2003); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995). "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there

---

[5] Even if he alleged that some harm befell him from his voluntary 5 day hunger strike referenced in the attachment to the initial complaint, it is highly improbable that defendants could be held liable for his voluntary actions.

[6] Of course, the pro se plaintiff also may not recover the requested $50,000 in attorney's fees.

is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003); see also *Marsh v. Butler County,* 268 F.3d 1014, 1035 (11th Cir. 2001)*; Swint v. City of Wadley, Alabama,* 51 F.3d 988, 999 (11th Cir. 1995); *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991). Thus, one cannot be held liable for the actions or omissions of others, but can only be held responsible if he participated in the deprivation of plaintiff's constitutional rights. *Marsh, supra; Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995).

Finally, plaintiff has failed to establish actionable wrongdoing by E. Stine. Prison officials who were not involved in the alleged constitutional violation, and whose only roles involved the denial of administrative grievances or the failure to act, are not liable under § 1983 on theory that failure to act constituted an acquiescence in the unconstitutional conduct. *Grinter v. Knight,*532 F.3d 567 (6th Cir. 2008); *Shehee v. Luttrell* 199 F.3d 295, 300 (6th Cir. 1999)*, cert. denied* 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); *see also Lomholt v. Holder*, 287 F.3d 683, 683 (8th Cir. 2002) (defendants' denial of plaintiff's grievances did not state a substantive constitutional claim); *Weaver v. Toombs,* 756 F.Supp. 335, 337 (W.D. Mich. 1989) (holding that prisoner failed to state a § 1983 claim against supervisory officials, where prisoner merely alleged the officials denied his grievance and did not allege they were personally involved in the alleged misconduct), *aff'd*, 915 F.2d 1574 (6th Cir. 1990). This is because liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir.1998), cert. denied, --- U.S. ----, 119 S.Ct. 1763, 143 L.Ed.2d 793 (1999). Plaintiff must show that the defendant did more than play a passive role in the alleged violation or showed mere tacit approval of the events. *Id.* (Citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)). This he has failed to do.

As plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983, the court is satisfied that his complaint lacks an arguable basis in law or fact and that it fails to state a claim.

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 22nd day of September, 2010.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).